# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-140-RJC

| | | |
|---|---|---|
| PATRICK O. CHRISTIAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| RODNEY MOORE, Chief, Charlotte-Mecklenburg Police Department; DANIEL E. BAILEY, Jr., Sheriff, Mecklenburg County Sheriff's Department; JAMES TOWNSEND, Property Manager, Monroe Hall; and ROBERT B. NIPPER, Safety Manager, Charlotte Area Transit System, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 1).

The doctrine of res judicata prevents a party from bringing an action where such action "has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." See, e.g. Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009) (citation omitted). The bar is applicable where there is (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both [proceedings]; and (3) an identity of the parties or their privies in the two suits. See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003). "The test for deciding whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or

series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). Furthermore, "the preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for . . . it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989)).

Plaintiff filed a nearly identical civil action[1] in this judicial district in July 2010. See (Case No. 3:10-cv-302-FDW-DSC (WDNC) (filed July 7, 2010)). The court dismissed that case as frivolous pursuant to 28 U.S.C. § 1915(e). (Id., Doc. No. 8). Upon appeal, the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous (Id., Doc. No. 16) and issued its formal mandate of that decision on February 11, 2011.

Here, Plaintiff reasserts much of the earlier Complaint. He contends both the district court and the appellate court got the frivolity determination wrong. Plaintiff plainly states, "I am resubmitting this on the grounds that the analysis is inaccurate simply because all events occurred as I described . . . ." This Court is not at liberty to second-guess the Fourth Circuit's determination in a case. The Complaint thus fails to survive frivolity review under § 1915(e), as this action is precluded by res judicata. See Meekins, 946 F.2d at 1057.

**IT IS, THEREFORE, ORDERED THAT:**

1.  Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs

---

[1] The complaint in that earlier action contained roughly the same allegations and named the same four defendants as named in the current Complaint, along with one other defendant.

(Doc. No. 1) is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), as the asserted claims are precluded by Plaintiff's earlier action in this district.

Signed: April 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge